IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER LEWIS, JR.,

     Petitioner,

v.                                                  Civil Action No. 5:09CV104
                                          (Criminal Action No. 5:07CR5-01)
UNITED STATES OF AMERICA,                                             (STAMP)

     Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DIRECTING CLERK TO TRANSMIT OPINION TO THE
UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

I. Background

On March 23, 2007, the pro se[1] petitioner, Walter Lewis, Jr.,
signed a plea agreement agreeing to plead guilty to possession with
intent to distribute and distribution of more than five grams of
cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and
841(b)(1)(B). The plea agreement contained a limited waiver of the
petitioner's right to appeal and to collaterally attack his
sentence. Specifically, the plea agreement provided that if the
Court sentenced the petitioner to 188 months or less, he knowingly
and voluntarily waived both the right to appeal his sentence and
the right to collaterally attack his sentence.

On April 2, 2007, the petitioner entered his plea in open
court. During the plea hearing, the Assistant United States

---

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1341 (9th ed. 1999).

Attorney read aloud each paragraph of the plea agreement. After reviewing the plea agreement, the Court specifically asked the petitioner if he understood the limited waiver of his appellate rights and post-conviction relief rights contained in his plea agreement. The petitioner confirmed that he did understand this waiver and that he had reviewed the plea agreement in detail with his counsel prior to signing it.

After the government presented the factual basis for the plea, the petitioner entered his plea. In addition to admitting that he was, in fact, guilty of the crime charged, the petitioner confirmed that his lawyer had adequately represented him. At the conclusion of the hearing, the Court determined that the petitioner had made his plea freely and voluntarily with a full understanding of its consequences. The petitioner did not object to the Court's finding.

On December 6, 2007, the petitioner was sentenced to serve 262 months imprisonment to be followed by four years of supervised release. The Court then advised the petitioner that pursuant to his plea agreement, he waived his appellate and post-conviction relief rights only if he received a sentence of 188 months or less. Thus, because his sentence was 262 months, he had retained his right to appeal and seek post-conviction relief. The petitioner filed a notice of appeal on December 13, 2007. On June 20, 2008, the judgment of the district court was affirmed by the United

States Court of Appeals for the Fourth Circuit in an unpublished _per curiam_ opinion.

On September 21 2009, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to the petition, to which the petitioner replied. The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. Magistrate Judge Seibert also recommended that the Fourth Circuit be advised that the petitioner's appellate counsel did not file a petition for writ of certiorari to the United States Supreme Court as instructed. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen (14) days after being served with copies of the report. Neither party filed objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.

Supp. 825 (E.D. Cal. 1979). Because the parties did not file any objections, this Court reviews the report and recommendation for clear error.

## III.  Discussion

In his § 2255 petition, the petitioner raises three claims for ineffective assistance of counsel: (1) trial counsel was ineffective for inducing him to plead guilty; (2) appellate counsel was ineffective for not raising as grounds for appeal the enhancement for obstruction of justice; and (3) appellate counsel was ineffective for not filing a petition for writ of certiorari with the United States Supreme Court.

In response, the United States counters that the petitioner's § 2255 motion must fail because it is untimely, the petitioner never advised his counsel of his desire to file for a writ of certiorari until the time for filing had expired, and the sentencing guidelines range was based upon his career offender status, not on the enhancement for obstruction of justice.

The petitioner's reply reiterates his § 2255 claims and offers additional support for those claims. Specifically, the petitioner alleges that he signed and returned a "notice to counsel" instructing his appellate counsel to submit a petition for writ of certiorari.  Further, the petitioner claims that counsel was ineffective for permitting him to be sentenced as a career offender and for withholding exculpatory and impeachment material.  This Court reviews for clear error each of the parties' claims in turn.

A.   Timeliness of § 2255 Motion

Prior to 1996, there was not time limitation on a federal prisoner's ability to collaterally attack his conviction in a § 2255 motion. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). This changed with the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing of § 2255 motions. Title 28, United States Code, Section 2255(f) provides, in pertinent part: "The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). The Fourth Circuit has determined that a conviction is final on the date upon which a defendant fails to pursue further direct appellate review. See Torres, 211 F.3d at 837 ("[F]or purposes of § 2255, the conviction of a federal prisoner whose conviction is affirmed by this Court and who does not file a petition for certiorari becomes final on the date that this Court's mandate issues in his direct appeal.").

In this case, because the petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his judgment of conviction became final when the time for seeking such review expired -- September 20, 2008, which was ninety days after the entry of judgment on direct appeal. Therefore, September 20, 2009 was the deadline by which the petitioner had to file his habeas corpus motion under the AEDPA. The petitioner's § 2255

motion was filed on September 21, 2009. However, this Court agrees that because the motion was mailed and post-marked September 18, 2009, this indicates that the prisoner timely deposited his motion in the prison's mailing system. Accordingly, this Court concurs that the petitioner's § 2255 motion is timely.

B.    Ineffective Assistance of Counsel

The United States Supreme Court decision in Strickland v. Washington provides that an ineffective assistance of counsel claim must show that defense counsel committed such serious errors as to prejudice the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant who alleges ineffective assistance of counsel after entering a guilty plea must show a reasonable probability that absent counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The deficiency of counsel's performance is measured against an objective standard of reasonableness. Strickland, 466 U.S. at 687. Thus, the petitioner must show that his counsel's performance was objectively deficient to such an extent that the petitioner's defense was prejudiced and that but for his counsel's errors, the petitioner would not have entered into a plea agreement and would have insisted on having his case tried before a jury.

Absent clear and convincing evidence, statements made under oath expressly stating satisfaction with counsel are binding. Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A petitioner,

such as Lewis, who alleges ineffective assistance of counsel after entering a guilty plea has a high burden of proof. The standard requires that the petitioner "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The petitioner first alleges that this Court had no jurisdiction to prosecute him on the instant drug charges, and that counsel was ineffective under the circumstances for "inducing" his plea to the same. The magistrate judge's report and recommendation cites the statutory code sections of the federal Controlled Substances Act ("CSA") that the petitioner was charged with violating. Because all of the acts the petitioner was charged with were violations of federal law and were committed within the Northern District of West Virginia, the magistrate judge concluded that jurisdiction in this Court was proper. This Court agrees.

The petitioner's claim that counsel was ineffective for "inducing" his plea also fails. The petitioner himself denied under oath that anyone had induced his plea. Moreover, counsel cannot be found deficient for failing to object when there was no basis to do so and where an objection would be futile. Since the petitioner can prove neither deficient performance or prejudice, he has failed to meet his burden under Strickland and this claim must be denied.

Second, the petitioner claims that counsel was ineffective for withholding discovery material from him. According to the petitioner, counsel refused to release important information concerning a co-defendant, which could have been used in trial or during appeal proceedings. This Court agrees that the petitioner's claim lacks necessary specificity. To the extent that the petitioner is arguing that counsel should have provided him with Brady or Jencks material, the petitioner has failed to identify that there was, in fact, any such material to provide. Further, the petitioner failed to identify any details regarding a particular co-defendant that would have aided his defense. He has also failed to explain how he was prejudiced by the alleged failure of counsel to provide this information. Again, the petitioner has failed to prove the requirements of Strickland, and has instead made unsupported allegations. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements.").

Next, the petitioner asserts that counsel was ineffective when he failed to challenge the petitioner's prior felony drug convictions. According to the petitioner, these crimes had not yet been "finalized" and thus could not qualify as predicate offenses for a career offender enhancement. However, after reviewing the petitioner's presentence report ("PSR"), the magistrate judge determined that the petitioner's criminal history did qualify him as a career offender. This Court agrees that because the

petitioner's guilt regarding his prior Pennsylvania drug felonies had been established by a guilty plea, these felonies qualify as predicate career offender crimes. Therefore, defense counsel had no basis to challenge any of his prior felony convictions and cannot be faulted for failing to do so.

Fourth, the petitioner contends that appellate counsel was ineffective for failing to raise as grounds for appeal the fact that the petitioner's due process rights were violated when the district court enhanced his sentence for obstruction of justice, because it increased his sentence beyond what he would have received if he had violated an obstruction of justice statute. The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal quotations omitted). On review, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

In this case, the petitioner's two-level adjustment for obstruction of justice was the result of his failure to appear at his sentencing hearing. The record reveals that the petitioner fled the state after his plea hearing and was arrested seven weeks later in Ohio. By the time his sentencing hearing was rescheduled, the petitioner's PSR had been revised to include the adjustment for obstruction of justice and the recommendation that he be denied a reduction for acceptance of responsibility.

The magistrate judge is correct in his finding that the obstruction of justice enhancement did not result in a sentence "far beyond what [the petitioner] would have received if he had violated an obstruction of justice statute." The petitioner's sentence was the result of his status as a career offender -- the obstruction of justice enhancement had no effect on the sentence he received.

Here, the appellate counsel examined the record with a view to selecting the most promising issues for review. See Jones v. Barnes, 463 U.S. 745, 752 (1983). Since this issue lacked merit, it is not surprising that appellate counsel did not choose it as an issue for appeal. Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). It is appellate counsel's job to winnow out weaker arguments in favor of stronger arguments, and as this argument is completely lacking in merit, counsel's decision not to

choose it as an issue for appeal was appropriate. See Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). Because the petitioner has failed to overcome the presumption of effective assistance of appellate counsel, these claims must be denied.

Finally, the petitioner claims that his appellate counsel was ineffective for failing to file a petition for writ of certiorari despite having been directed to do so. Alternatively, the petitioner argues that counsel failed to withdraw so that he could petition for a writ of certiorari himself.

The magistrate judge notes that on the "Notice to Defense Counsel" form, dated June 26, 2008, the petitioner indicated that he wished to petition the United States Supreme Court. The record also indicates that the petitioner sent a letter to the Clerk of the Fourth Circuit requesting the name of his attorney on appeal. Defense counsel, however, denies that the petitioner stated on the form whether he wanted to appeal. In a letter to the petitioner dated October 3, 2008, counsel explains that it appeared to him that the petitioner had filed his own notice of appeal so that he could petition the Supreme Court. By the time the petitioner received this letter, the time limit for filing a petitioner with the Supreme Court had passed.

The Fourth Circuit addressed the issue of appellate counsel's failure to carry out a defendant's request to file a petition for writ of certiorari in United States v. Smith, 321 F. App'x 229, *233 (4th Cir. 2008), in which it held that Smith's § 2255 motion

11

would be treated as a motion to withdraw the mandate, permitting the earlier judgment to be vacated and re-entered, allowing for the timely petition for writ of certiorari.

The record in this case reveals a dispute as to whether the petitioner did, in fact, indicated on the "Notice of Counsel" form that he wanted to petition for writ of certiorari. Counsel admits that the petitioner returned the form, but can no longer produce a copy showing that the petitioner did not indicate his wishes. The copy of the "Notice of Counsel" attached to the petitioner's reply does show that he wanted to file a petition for writ of certiorari. This Court agrees that the interests of justice require that the petitioner be given an opportunity to file his petition for writ of certiorari. However, only the Fourth Circuit can recall the mandate. For this reason, this Court advises the Fourth Circuit by this memorandum opinion and order of the petitioner's desire to file a petition for writ of certiorari so that it can take any action it deems appropriate.

## IV.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is DIRECTED to transmit a copy of this

memorandum opinion and order to the Clerk of the United States Court of Appeals for the Fourth Circuit so that she is made aware that the petitioner's appellate counsel did not file a petition for writ of certiorari to the United States Supreme Court as instructed. The petitioner's requests that his plea be withdrawn, his sentence be reduced, and/or that he be granted a new trial are DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985). Further, this Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the

petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein and to the United States Court of Appeals for the Fourth Circuit.

DATED:    March 23, 2011


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE